Okay, good afternoon. You are in the First District Appellate Court, First Division. And the case is, and I may pronounce it, I apologize, Noosa Sauer, S-A-U-E-R versus the Chicago Transit Authority, 1-22-0791. We're here for oral argument today. And Justice Terry Lavin, my colleagues, Michael Hyman and Mary Ellen Coghlan are also here today. We have reviewed the briefs and are familiar with the record. And we're looking for about 15 minutes per side. If we unduly burden you with questions, we'll give you some extra time. But why don't we start off by hearing from the appellant. Good afternoon, your honors. Jason Sanders on behalf of the appellant. May it please the court, Jason Sanders on behalf of the appellant, Noosa Sauer. I'd like to reserve five minutes of my time if that's okay with the court. That's fine. Okay, thank you. Your honors, when a corporate defendant is put on notice of the correct accident location, the name of the plaintiff and the date of the accident, that is considered in the eyes of the law, sufficient notice of the accident. And therefore they will suffer zero prejudice from an untimely amended pleading because it relates back to the original pleadings. That is exactly what happened in this case. Now, Noosa Sauer is a 78 year old employee of the Brazilian consulate who works downtown in Chicago. On the date of the accident, February 19th, 2020. We know the facts, we know the facts. Let me ask you, you make several arguments and you rely on several cases. Give us the best argument. I mean, if you have one argument that hits it out of the park, and if you, you may have more, but I want the best. You know, you could take a lot of slices, some may be triples, some may be doubles. What do you consider your best argument for reverse? Yes, thank you, your honor. And I believe our best argument is a combination of all of the documents that are contained on the record on appeal that show that the CTA had noticed of the correct accident location. If the CTA had notice of it, so did you, and you didn't do anything to file a timely. Right. And as a matter of fact, when you filed twice, you filed complaints with the wrong information. Yes, that is, that is true, your honor. You didn't pay any attention to your own notice. Your honor, and I do not disagree with your honor that our first two pleadings did not have the correct accident location. They were due to a typographical error. Unfortunately, the attorneys that were handling this case were transitioning out of the firm due to COVID. But your honors, that's the exact type of error that's contemplated by the relation back doctrine. Well, wait a minute, there's a problem with that. Okay, because how could it be contemplated when the plaintiff's attorneys themselves say this is the address, right? Twice, which is not the address. I mean, there's no dispute. So how would the CTA know? Well, you say, well, they were on notice. Well, how could they be on notice? They had multiple addresses. Those weren't the same addresses. One is non-existent and one is kind of vague, but it's a different address. So how would the CTA be on notice? I don't see the connection there. Your honor, the CTA was on notice through our FOIA request that listed the correct accident location. So anybody in the FOIA department that puts somebody on notice, where's that in the statute? Where's the notice? Is there any case in Illinois that's ever said that's sufficient notice? Judge, we did not find any case law nor did the trial court nor did opposing counsel cite any case law that said the notice to the FOIA department is either correct or incorrect. But the thing is our firm sent a chief tort attorney from the CTA the correct accident location as well. Mixed with the FOIA request, the email. In March, March 27th of 2020, the CTA responds and says, we don't have any video response to your request. And it's not until September that you guys get back to the CTAs asking if they would, quote, look into this request. Didn't seem like you were in any particular hurry to find out the proper location and get the right complaint on file. Judge, the September email was still five months prior to the expiration of the statute of limitations. And the case law makes clear that as long as the defendant has put on notice of that accident location prior to the expiration of the statute of limitation, it relates back. If your lien had given the proper address or in the email accompanying the lien to the CTA, you might have a different argument here, but I just don't see where you have any basis to say that this relates back. Your Honor, the lien was sent as quickly as possible to the CTA so they could start investigating this accident as well. The FOIA request- Well, wait a minute, but the lien is very important as Justice Lavin just stated. If that had been correct, we probably wouldn't be here. So that was wrong. And again, the lawsuit says a different address. So they don't have an obligation to look at the FOIA or anything else. I mean, all they know as a law department is what they received. I mean, notice doesn't mean you can tell the person, any person that works with the CTA, can you get on a bus and say to the bus driver, you work for the CTA. I'm telling you, you notice that we have a lawsuit on this particular intersection. You don't know, right? I mean, that's ridiculous. But isn't it just as ridiculous when you have an organization as large as the CTA that the case law has said that if it's done in discovery, it could be different, right? And we have cases that say it's okay in discovery and you would agree with that. Your Honor, I would respectfully disagree with the court. The Supreme Court in Wolf, the case that I believe you're referencing, did not hang its hat on the fact that the notice came through discovery. The Supreme Court stated that as long as the defendant has notice, notwithstanding the method of receiving that notice, our complaint will relate back. And that's- In that case, there was no question. I'm sorry. There was no question in that case that they had noticed. And the notice was based on depositions and discovery done in the case. That was the issue that they actually had noticed. In this situation, just because one department of a very large organization receives a FOIA request, are you saying that that's sufficient notice? Your Honor, it was not just the FOIA department. It was also a chief tort attorney of the Chicago Transit Authority. He clearly, Kevin Brooks clearly has authority to investigate the claim that was pending against the CTA at the time. So do you. So does the plaintiff's lawyer. So how can you say that you file two complaints, a complainant law and an amended complainant law, when you have the same notice that the CTA allegedly has, and you filed the wrong date in there? Your Honor, and that goes back to my previous point about that's contemplated under the Relation Back Doctrine. It specifically contemplates mistakes. My- It's kind of, it contemplates to me a legal malpractice case. Judge, the- Not a translocation. Your Honor, the Relation Back Doctrine has consistently held, and I believe Wolf supports our contention that notwithstanding my firm's mistake of listing the incorrect accident location, as long as the CTA, and whether that be through the FOIA, through the email to Kevin Brooks, or a combination of both, they had knowledge of the correct accident location, and even admitted, and it's in the Record on Appeal, that they performed a reasonable search of that area, our complaint relates back. And the case law that is cited by Appley is distinguishable because the threat of the defendant, or the CTA having to defend this claim, is not present. The parties in Wolf v. Dominick's Finer Food were on the eve of trial. In this case, the parties have not gotten past the pleading stage. There's been no written discovery, no oral discovery. Therefore, we believe that Wolf is distinguishable. And to go back to another Justice's point, I apologize, I forget who mentioned it, but the Wolf v. Meister-Nyberg case did not hold that just because it was discovery notice, it relates back, it's any notice, and whether that come through interrogatories, deposition testimony, or whether that come through pre-litigation notice, such as our FOIA request, and our email. Wait, wait, but that's not true. You read the cases, and you have to agree that the cases say that if you give different addresses, there is not an obligation. I mean, you have to give the correct information to them, which you didn't do until the amended, second amended complaint, which was after the date of the statute. So you finally got it. But what obligation did the CTA have when they're getting conflicting information? And when you just answered, you said, you used the word that location, that the CTA look for videos regarding that location. I don't know what that location is, because that location is very vague, whatever, I don't know what collection, and it wasn't the correct location. It wasn't a specific location where they would be able even to tell, because as far as they knew, your lien said something completely different. So did your first complaint, and your second, I mean, your first and your amended, first amendment. Your honor, that location references our FOIA request, which is the actual accident location of the area between Illinois and Hubbard on lower Michigan. And that was so effective, that FOIA notice was so effective that you filed two complaints with the wrong address in it. And come on, and you expect the CTA to have superior knowledge than the plaintiff has? Your honor, I cannot go back in time and fix our typographical mistake. And I am not representing to this honorable court that we didn't make a mistake, but I'm saying that the case law and the relation back doctrine is effectively put in place to ameliorate those mistakes. It's there to allow those mistakes to have the case adjudicated. It's mainly there. Look, I handled personal injury cases for almost three decades, okay? It's mainly there in order to allow the plaintiff to learn more, to make the case more solid and to put all the information in there. But you had that information from the very beginning. It's the duty of the person bringing the claim, not the one defending the claim, to call up and say, hey, you might wanna figure out that these two streets run parallel and they don't intersect each other. Or, you know, did this happen by Tribune Tower or it was over by the Billy Goat? That's not their job. That's your job. And I agree, your honor. The information that we provided to the CTA was not just the accident location, which by the way, it was correct at the area between Illinois and Hubbard on lower Michigan. We also, through our FOIA in our email to Kevin Brooks, gave the plaintiff's name, the accident, date of the accident, February 19. We gave the bus route, we gave the venture card and venture card. We have all that. We have all that. You had all that at that time and you still filed two complaints with the wrong address. And you wanna get a break and have the third one relayed back. And your honor, I don't know if I'm out of time or not with my 10 minutes. Yeah, I would wrap up if I were you. Okay. Your honor, just to respond to that. Yes, we do want our third complaint, our second amended complaint to relate back because as we view the Relation Back Doctrine and Wolf v. Meister-Nyberg, the CTA had notice of the correct accident location and therefore they suffer zero prejudice by this amendment. Thank you, your honor. Okay, let's hear from the appley. You're muted. There you go. Good afternoon, your honors and may it please the court. Irina Dmitrieva on behalf of the Chicago Transit Authority. Your honors, the plaintiff's argument about relation back rests on the fundamental misunderstanding of the FOIA, Freedom of Information Act and the role of FOIA officers. Relation back and statutes of limitations, the rationale behind those two doctrines to give notice to the defendant of the facts given rise to potential liability, notice of a claim. A FOIA request does not constitute a claim. So if I was thinking of maybe a comparison, so a claim would be an affirmative statement of alleged facts to a defendant saying, I intend to hold you liable based on this alleged facts. A FOIA request is a very narrow, specific type of question to a public agency. Do you have records matching this description? And the role of a FOIA officer, which is set forth in the FOIA Act is, to look at this description without questioning it, without questioning that description, whether it's true or not. In fact, we have no assurance of any accuracy or truthfulness of the facts. And to see if the public agency has records matching this description. If we do have records, we produce them, unless they're exempt. If we don't have records, that's the end of the inquiry. And indeed, statutorily, FOIA offices are prohibited from inquiring into the purpose of a FOIA request. Section 3C of FOIA provides, a public body may not require the requester to specify the purpose of the request. So the General Assembly made it very clear that they do not want FOIA offices of public agencies to be embroiled in the examination of potential liability based on the description of the alleged facts. We just want a very streamlined, efficient process. Here is the request for particular information. Do we have information? If we do, we produce, unless exempt. And yet, this is exactly what plaintiff's argument calls for. It calls to create a new duty on FOIA offices to examine the FOIA request that they get, and moreover, to conduct investigation based on this request. And there is no- Let me just turn a little bit because of what Counsel just argued. As I heard Counsel's argument, he said that in connection with the FOIA request, that Mr. Brooks in the legal department was on notice of the correct address. What's your response to that? Well, my response is, first of all, and if we look at timeline, that request was sent before CTA entered that parents in that case. And if we look at the substance of the email, it says, Kevin, could you look into this FOIA request and see who is handling it? That is the request. There is no mention of any type of claim. There is no mention of any type of lawsuit at this point in time, CTA has not entered the parents. What he said is that it put Mr. Brooks on notice of the correct address. That's what I heard him say. And you're saying, is that true or not true? Is there anything- I'm saying that is untrue. I'm saying the same analysis applies as to a FOIA request. And I think Counsel wouldn't disagree. It's just directed to a different person, but we still deal with a FOIA request. Well, let's put the FOIA request. Okay, so you're saying, so if I understand your argument here is, because it's in connection with the FOIA, it's within your argument that you just made regarding the FOIA, which is, that doesn't count. No, it does not, because- I know, I know, I'm just trying to summarize your argument. So I correctly summarized your argument. Because the follow-up had to do with the FOIA, therefore, it is not put the CTA on notice of a claim. Exactly. Okay, but- The email to Kevin Brooks asks for assistance with a FOIA request. It's not a separate email saying, we have a claim, here are the facts. But what about the fact that it goes to somebody in the legal department, and that that person was, knew that there was a potential lawsuit, could they have a lien that they filed? Not the same address. No, that's not alleged in any way. Actually, we don't know why that person was picked up. It appears to be very random. Maybe plaintiff's counsel had previous professional, and I don't know, it's complete speculation to me. There's no explanation as to why this person was picked. There is no, to our knowledge, he's never been associated with this case. It's just like a random email, as if they're random. Plaintiff's counsel happened to know someone at the CTA. Like sometimes, I worked at the city of Chicago, so I would get the request from my former colleagues saying, you work at the CTA, do you know what other department is doing? Can you help us? And just because I work at the CTA doesn't mean that I know what public relations is doing or something else. And so- I understand what you're saying, but more importantly, that we have to look at the record here. So again, if I understand your argument, what you're saying is there's nothing in the record that plaintiffs have put in the record that would indicate that that individual who received the follow-up email on the FOIA had any responsibilities with regard to claims or this claim or any claims. That is correct. That is correct. That is absolutely correct. And so, you know, again, there is no precedent for the expanded duty that plaintiff is asking this court to do. In fact, it would contradict the statutory scheme of FOIA. And again, we also look at whether any amendment, you know, the statute does require for amendments to be allowed on just and reasonable terms. And, you know, here at all times, plaintiff was in the best position to know where she allegedly fell. Because, you know, just like in Dominic's Fine Foods, you know, plaintiff alleged, well, defendant, the notice was provided to the manager of the store where I fell. And the court said, no, this is not the type of knowledge that we would impute to the organization because there is no allegation that anyone witnessed the alleged fall. There is no allegation that there was any type of occurrence report. And so that's the same here. There is no allegation that anyone witnessed the fall. There is no allegation of occurrence report. And there was no occurrence report, which I think was discovered during, you know, FOIA analysis. And indeed, you know, even if we look at FOIA, even if we look at the FOIA request, FOIA request itself is very vague as to potential liability. It says my client fell after being dropped off by a CTA bus, which is actually contradictory to what the complaint alleges. Complaint alleges that while she was alighting from the bus, she fell. FOIA request said after she was dropped off. So for all we know from FOIA, you know, doors closed, bus left, and at some point subsequently, you know, the client, the plaintiff fell, and we don't know where it happened. And so we certainly believe that CTA absolutely did not receive no adequate notice of facts given rise to its liability within the statutory period of time. FOIA request does not constitute notice of a claim. And as a result, people who are actually in charge of investigating claims and handling lawsuits, they did not have notice of the correct location. And in fact, we lost the possibility of examining the location that was allegedly defective. And- Okay, let me ask you, your colleague put some emphasis on the Wolf versus Meister-Nyberg case. And can you distinguish that case for us? Or do you think it's distinguishable? Yeah, so that case, you know, it's absolutely distinguishable because the notice was provided during discovery. And so, you know, a FOIA request is not the same as the information exchange or discovery exchanges during the court proceeding. So the individuals who received a notice of the corrected address, they were lawyers who were handling the claim. Our whole concern here is that the individual, a FOIA officer who handled the FOIA request is not the same individuals who are handling claims on behalf of the CTA. Those individuals are in the claims department and they were told that incident took place on Illinois and Hubbard. And they immediately responded to the Plaintiff's Council saying, you know, we don't have complete information. Please provide us with complete information. They heard nothing back in return. And then the individuals who are handling lawsuits are the lawyers, the tort lawyers. And they filed a motion to dismiss saying again, it's incomplete, we don't know where. And they actually bolded and underlined the word where the incident took place. So we don't have enough information to investigate. And again, first amendment complaint, we get the wrong address. And now with the benefit of a hint site, we know it's the wrong address, the wrong street. But at that time, we don't know. And in fact, you know, I looked at, what is interesting also is that on your complaint, the plaintiff does not allege the time when the incident took place and no bus route. And yet she also, you know, we learn actually during briefing on appeal that, you know, she took this route regularly to her work. So presumably she knew what bus route she took, you know, where she, you know, may have exited it. And this particular bus route 120, you know, and going north, it goes, it crosses all the streets. It goes on Lower Michigan, it goes on Lower Wacker, it crosses Hubbard and it crosses Illinois. So it's not a situation where it was like an obvious mistake. Mistake was not obvious to the CTA. How are we supposed to know that it's Lower Wacker that's wrong? And- Okay, I'll ask you to wrap up and then we're gonna hear a rebuttal. Yes, and so it would be, you know, we would urge the court not to create a new duty that does not exist right now in Illinois because there is no precedent on it for it. And it would impose a burden on the CTA because the CTA runs 120 bus routes covering 1,500 miles. And, you know, we have over 10,000 bus stops. So if we're given conflicting information as to where the accident might have happened, where a public agency with very limited funds, limited resources, and it would be, you know, unfair to impose that duty on us. And because the plaintiff was in the best position to allege where the accident took place. So we urge the court to affirm the circuit court. Thank you. Okay, Mr. Sanders. Thank you, your honors. The purpose of the Relation Back Doctrine and the case law that is governing the Relation Back Doctrine is adjudication of the case on its merits, not just a technicality. Our notice to the CTA was not just the FOIA request as counsel is suggesting, it's the email to a chief tort attorney, an attorney for the CTA that handles cases within the Cook County Law Division, the same division where this pending case was pending. We sent that email because we filed our complaint in August of 2020. That is still six, seven months prior to the expiration of the statute of limitations. What responsibility, where in the record does it say that that lawyer had any responsibility at all to investigate a claim? I mean, there are a lot of lawyers in the CTA, counsel's with the CTA. She didn't get noticed. You know, can any lawyer just send a copy of an FOIA request and talk about FOIA? And all of a sudden that lawyer knows everything and they have some responsibility? As I understand it, I don't think that lawyer responded, did he? He did not, your honor. And so that's what's in the record. The record is no response, which may indicate lack of responsibility. What's in the record that shows that person had any responsibility at all? I mean, you send it to a parent, maybe the person's a paralegal. How do I know he's even a lawyer or she's a lawyer? Your honor, Kevin Brooks is a CTA attorney and much like in the CTA's brief, if you want to take judicial notice of his rank as a chief attorney, I would ask the court to- Okay, so you say, so he's a chief attorney. You say that's in the record or you say that's in their brief? That's in our brief, your honor. Your brief, but is it in the record? It's not in the record on appeal, no. Okay, so we don't know, that's what I'm saying. I said, we don't know. It's gotta be in the record, right? You have to tell the court. We don't re-argue that, you know, we're looking at a question of law based on what was presented to the trial court. And we can't put in facts that weren't there. So again, I don't know what responsibility this person had, where in the hierarchy, what the response, you know, and they didn't respond. So, and it still doesn't answer my question with regard to the fact that you still provided as Justice Levin has repeatedly said, twice a different location. So who knows? Your honor, if I may respond to that, there's two points. One is our email to Kevin Brooks was not placing a burden on him or placing a responsibility on him defending this case. The CTA switched attorneys twice during the pendency of this matter. We reached out to Kevin Brooks and an attorney for the CTA to see who was handling this because we had filed our complaint before sending that email. The CTA delayed in responding to our complaint for 180 days. I think their total delay was close to eight months. They, and we believe, and I feel that this delay was a dilatory tactic. They failed to respond to our complaint. They filed a motion to vacate technical defaults. The lower trial court entered an order saying you must respond or place your appearance by X date. They blew that date as well. They blew it by 80 some days. Their appearance, their filing of their appearance was after the statute of limitations. It seems to me, your honors,  past the expiration of the statute of limitations. Is that argument in your briefs? That is, your honors. It is? The argument just being about they're passing it and being late and dilatory? Correct, yes. I can cite the specific page. You say that the CTA delayed some six months between, I think it's, if I'm looking at the time period correctly, between March and September, and along the way, in the middle of it, you file the amended complaint again with the wrong location, even though you claimed that they were on notice of the, they, the CTA was on notice of it at the time that you sent the FOIA request. Where's the logic in that? Where's the fairness in that? Your honor, where is the fairness in our- No, answer my question. Where's the fairness in that? Yeah, can you please rephrase your question? How is it fair that, you know, you expect the CTA to look at the information that you requested in the FOIA and come to the conclusion that that is the proper location, even though you subsequently filed two complaints with the wrong location? How can you flip the burden on them? It's your job. And I agree, your honor, we're not flipping the burden on them. We are invoking the Relation Back Doctrine. The Relation Back Doctrine has consistently held that the defendant does not have prejudice from this amended pleading because they knew of the correct accident location prior to the expiration of the statute of limitations. So did you, and you filed two complaints with the wrong address. And I am not, I'm not contesting that. I'm not trying to say that we did, we made a mistake. We made a typographical error. So did the plaintiff in Wolfe v. Meisterneiber. A typo. So Lower Michigan Avenue and Hubbard versus Hubbard and Illinois. That's a typo? Your honor, the- No, that's an error. That's a pleading error made by a licensed attorney. Your honor, the typographical error was Lower Wacker versus Lower Michigan. It was not Illinois and Hubbard. And the plaintiff- Even that's not a typo. They're two different streets. I mean, Lower Wacker's on one side, Lower Michigan's the other. Your honor, the- That's not a typo. Neither were, if under that logic, neither were the typos in Wolfe v. Meisterneiber, a case that went to the Illinois Supreme Court. And they said that even though they had the incorrect accident location, whether that's a typographical error or some other mistake, it does not matter. The defendant suffers no prejudice. That is the critical question in this analysis is whether the defendant will suffer prejudice by this amendment. The Illinois Supreme Court said the defendant in Wolfe didn't because they knew of the correct accident location. Nowhere in the Supreme Court's decision did it rest or hang its hat on the fact that that notice came through discovery and not pre-litigation correspondence. There was no differentiation. Thank you very much. I just want to say in that, all I have to do is read the Supreme Court decision. If you read the decision, and I'm quoting from the decision of the Supreme Court in Wolfe, the defendants do not dispute the fact that they had notice of the correct location of the occurrence before the expiration of two-year statute limitations. They didn't dispute it. If it is not a dispute, then that's it. It's disputed in this case. That's a major difference. Also a major difference is what the state court says next, and that the notice was provided through discovery. So I don't see those cases as helping you or you can distinguish it in any way whatsoever. I'm just saying. Okay, we'd like to thank the parties for their briefs and arguments, and we will take the matter under advisement and issue a ruling forthwith.